

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,613

### EX PARTE RAUL AVALOS GUZMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1187487 IN THE 351ST DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. ALCALA, J., *not participating*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to forty-five years' imprisonment.

Applicant contends, *inter alia*, that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Trial counsel filed an affidavit stating that "[n]o discussion with respect to appealing the convictions by our office were had with either [Applicant] and/or family."

Applicant was sentenced in a companion case on the same day as the instant case and managed to perfect appeal acting pro-se, but his conviction was affirmed after appointed counsel filed an *Anders* brief and was allowed to withdraw. *Guzman v. State*, No. 01-09-00934 (Tex. App.–Houston [1st Dist.] Dec. 2, 2010) (unpublished). The trial court has determined that Applicant is not entitled to an out-of-time appeal in the instant case because the appeal in the companion case was without merit.

Counsel has a duty "to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to the possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal." *Ex parte Axel*, 757 S.W.2d 369, 375 (Tex. Crim. App. 1988). Based on his affidavit, trial counsel did not fulfill his duties under *Axel.*

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 1187487 from the 351st Judicial District Court of Harris County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: August 24, 2011
Do Not Publish